IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SOSTENO GURULE,

               Plaintiff,

    vs.                                       CIVIL NO.  02-995 LFG/LAM

VALENCIA COUNTY, NORTH
CENTRAL NEW MEXICO ECONOMIC
DEVELOPMENT DISTRICT, BELEN
SENIOR CITIZENS CENTER, and
MARY ANN GONZALES,

               Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendants' Valencia County, Belen Senior Citizens Center and Mary Ann Gonzales' Motion for Summary Judgment [Doc. 22]. The motion was served by mail on March 5, 2003. Plaintiff Sosteno Gurule's ("Gurule") response to the motion was due March 24, 2003, and he failed to file any response to the motion.

### Background

Gurule filed suit against Valencia County, Belen Senior Citizens Center and Mary Ann Gonzales alleging violations of Title I and Title II of the Americans With Disabilities Act, as well as violations of the New Mexico Human Rights Act. Gurule claims that he was not hired in violation of his federally and state protected rights because he is disabled due to emphysema, Parkinson's Disease and high-blood pressure.

Defendants deny that the decision not to hire Gurule was related to any alleged protected status, but state that hiring decisions and funding for the position which Gurule sought are made by

the National Indian Council on Aging ("NICA"), and that he was not hired for the position because of lack of funding and nepotism issues.  Defendants contend that neither the County nor the Senior Citizens Center were involved in the hiring decision for the position sought.

## Statement of Undisputed Facts

Certain requests for admissions were served on Gurule in early December 2002, and Gurule failed to either admit or deny the requests.  At a show cause hearing scheduled because of his failure to respond to these requests, Gurule asserted that he did not receive the discovery requests.  Therefore, the Court directed that they be re-served, and another set of requests was served on Gurule on January 27, 2003.  Again, Gurule failed to respond to the requests.  Pursuant to Fed. R. Civ. P. 36, the failure to answer is deemed an admission.  "If a party does not timely serve objections or answers to the requests, the matters in the requests are admitted as a matter of law."  Fed. R. Civ. P. 36(a); *see* Ajiwoju v. Kunce, 198 f.3d 257 (Table, Text in Westlaw), 1999 WL 815834 at *1 (10th Cir. Oct. 13, 1999)(affirming summary judgment when the plaintiff failed to respond to the requests for admissions and failed to respond adequately to defendant's motion for summary judgment), *cert. denied*, 528 U.S. 1165 (2000).

Thus, by virtue of Gurule's failure to object or deny, he has admitted the following matters:

1.  Plaintiff Sosteno Gurule is not a qualified individual with a disability.  "Qualified individual with a disability" is someone who can perform essential functions of a job with or without reasonable accommodation.

2.  Plaintiff Sosteno Gurule could not perform the essential functions of the jobs available at Belen Senior Citizen Center with or without reasonable accommodation.

3.  Defendant Valencia County, Belen Senior Citizen Center and Mary Ann Gonzales had legitimate business reasons for any action taken regarding any employment application of Plaintiff Sosteno Gurule.

2

4.  The training position sought by Plaintiff Sosteno Gurule was funded by the National Indian Council on Aging (NICA).

5.  At the time Plaintiff Sosteno Gurule sought a training position with Defendants Valencia County, Belen Senior Citizen Center and Mary Ann Gonzales, there was no funding available for the training position from NICA.

6.  Placing the Plaintiff Sosteno Gurule in a training position would have caused undue financial burdens for Defendants Valencia County, Belen Senior Citizen Center and Mary Ann Gonzales.

(Defendants' Memorandum in Support, pp. 2-3)

    In addition to the foregoing statements of undisputed facts, Defendants submit the deposition

testimony of Jolene Herrera, who testified as follows:

1.  Jolene Herrera is the project director for the senior service employment program for the National Indian Council on Aging (NICA).  (Deposition Herrera, page 3 . . .).

2.  NICA administers the Senior Community Service Employment Program (SCSEP) which is funded by a grant from the United States Department of Labor.  The program provides job training for seniors.  (Deposition Herrera pages 3 and 4 . . .).

3.  Valencia County is a site where training for the program is provided.  (Deposition Herrera pages 4 and 5 . . .).

4.  Valencia County had a position available in the kitchen at the Belen Senior Center and Jolene Herrera met with plaintiff regarding the position.  Plaintiff wanted a janitorial position at the Del Rio Senior Center but he was ineligible for the janitorial position because his niece was the supervisor and employment would violate SCSEP's antinepotism policy.  (Deposition Herrera pages 6 and 7 . . .).

5.  At the time of plaintiff's application, the SCSEP program was fully enrolled at Valencia County.  No additional positions were filled at Valencia County after plaintiff applied.  (Deposition Herrera pages 7 and 8).

(Defendants' Memorandum in Support, pp. 3-4).

    The foregoing deposition testimony remains unchallenged.  Gurule did not submit an affidavit,

3

deposition testimony, answer to interrogatory, or any admission which would raise a triable issue of fact.  Indeed, in the face of Defendants' *prima facie* showing, Gurule remains silent.

### Summary Judgment Standards

Summary judgment is appropriately used to cut through the allegations of the pleadings and determine if there is a triable issue.  It is used when the moving party can demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S. Ct. 1598 (1970); Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995).

The moving party has the initial burden of establishing, through competent admissible evidence in the form of deposition testimony, answers to interrogatories, admissions, affidavits or other documentary evidence, that there is an absence of evidence to support the opposing party's case and that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986).

Once the moving party meets it burden, the party opposing the motion must come forward with specific facts supported by admissible evidence which demonstrates the presence of a genuine issue for trial.  The court does not decide the issue of fact, but, rather, only determines if there is an issue that must be resolved at trial.  Summary judgment is appropriate only if there not sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S. Ct. 2505, 2510 (1986); Bister v. Midwest Health Services, Inc., 77 F.3d 1264, 1266 (10th Cir. 1996).

The party opposing the motion may not rest upon mere denials or the pleadings to avoid summary judgment.  Fed. R. Civ. P. 56(e); Baccus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).

Gurule simply failed to respond to the motion for summary judgment altogether.  Previously,

the failure to respond to a motion for summary judgment was deemed consent to the grant of the

motion.  D.N.M.LR-Civ. 7.1(b).  However, the Tenth Circuit recently construed a similar rule as

punitive in nature and determined that if a court were granting a motion for summary judgment solely

because the opposing party failed to respond to it, then an analysis under Meade v. Grubbs, 841 F.2d

1512 (10th Cir. 1988), must be undertaken.  Reed v. Bennett, 312 F.3d 1190, 1193 (10th Cir. 2002).

Here, however, the Court is not granting the motion for summary judgment as a sanction

under Meade v. Grubbs.  *See also* Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992).  Rather,

the Court is granting the motion for summary judgment because the moving parties have made a

*prima facie* showing of their entitlement to judgment.  Thus, the motion for summary judgment is

property supported.  Reid, 312 F.3d at 1194-95.

> Accordingly, summary judgment is "appropriate" under Rule 56(e)
> only when the moving party has met its initial burden of production
> under Rule 56(c).  If the evidence produced in support of the
> summary judgment motion does not meet this burden, "summary
> judgment must be denied *even if no opposing evidentiary matter is
> presented*."

Id. at 1194 (emphasis in original)(internal citation omitted).

### Analysis Under the ADA and Human Rights Act

It is illegal for an employer to discriminate "against a qualified individual with a disability

because of the disability of such individual in regard to . . . hiring . . . and other terms, conditions and

privileges of employment."  42 U.S.C. § 12112(a).  Thus, to proceed on a cause of action under the

Americans With Disabilities Act, as well as New Mexico's Human Rights Act, a plaintiff must first

establish a *prima facie* case by showing (1) that [he] is a disabled person within the meaning of the

ADA or the Human Rights Act; (2) that [he] is qualified, that is, [he] is able to perform the essential

functions of the job, with or without reasonable accommodation; and (3) that the employer [failed to hire him] under circumstances which give rise to an inference that the [failure to hire] was based on [his] disability.  It is only when a plaintiff is able to make a *prima facie* showing that a presumption of unlawful discrimination is created.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).  If a plaintiff succeeds, the burden of production shifts to the defendant to produce evidence of a legitimate, non-discriminatory reason for the employment decision.  Morgan v. Hilti, 108 F.3d 1319, 1323 (10th Cir. 1997).

In this case, however, Gurule fails to establish a *prima facie* showing altogether.  By virtue of his admissions, he fails to demonstrate that he is a disabled person within the meaning of the ADA; he fails to demonstrate that he can perform the essential functions of the job, with or without a reasonable accommodation; and he fails to demonstrate the existence of any circumstances which give rise to an inference that the failure to hire him was due to a disability.

The inquiry, under McDonnell Douglas Corp. v. Green, ends here.  Even if Gurule had made a *prima facie* showing, which he has not, Defendants have come forward with evidence of a legitimate, non-discriminatory reason for the challenged employment decision.  Specifically, they demonstrate the existence of legitimate business reasons for their failure to hire Gurule, including that there was no funding available for the training position Gurule sought, and that placing Gurule in a training position without funding would have caused undue financial burdens on Defendants.

Defendants have also demonstrated that Gurule wanted a janitorial position at the Del Rio Senior Center, but was ineligible for that position because his niece was the supervisor and employment would have violated SCSEP's anti-nepotism policy; and, further, that the SCSEP program at Valencia County was fully enrolled and that no additional positions were filled in Valencia County subsequent to the date of Gurule's application.

With the Court concluding that Gurule has failed to make a *prima facie* showing, and that the Defendants had legitimate, non-discriminatory reasons for the actions they took, the Court must necessarily conclude that Defendants are entitled to judgment as a matter of law.

Accordingly, for the reasons stated herein,

IT IS ORDERED that Defendants Valencia County, Belen Senior Citizens Center and Mary Ann Gonzales are granted summary judgment on all the claims brought against them. Judgment will be entered in their favor and against Gurule.

Lorenzo F. Garcia
Chief United States Magistrate Judge