IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SOSTENO GURULE,

        Plaintiff,

vs.                                           CIVIL NO.  02-995 LFG/LAM

NORTH CENTRAL NEW
MEXICO  ECONOMIC
DEVELOPMENT DISTRICT,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant North Central New Mexico Economic Development District's Motion for Summary Judgment [Doc. 27]. The motion and supporting documents were served on Plaintiff, Sosteno Gurule ("Gurule"), on April 18, 2003. Gurule's response in opposition was due by May 5, 2003; however, he failed to file a response to the motion.

### Background

Gurule filed suit against Defendants alleging violations of Title I and Title II of the Americans With Disabilities Act ("ADA"), as well as violations of the New Mexico Human Rights Act. He claims he was not hired in violation of his federally and state protected rights because he is disabled due to emphysema, Parkinson's Diseases and high-blood pressure. Defendant North Central New Mexico Economic Development District ("North Central") submits verification that it provides funds to Valencia County for certain programs for the elderly, including employment programs. North Central denies that it referred Gurule to the Belen Senior Citizens Center and, instead, states that

Gurule was referred to the Senior Center by the National Indian Council on Aging ("NICA"), a non party. North Central states that all hiring decisions and funding for the custodial position sought by Gurule were made by NICA.

Subsequent to Gurule not being hired for a job, he filed an administrative claim with the Equal Employment Opportunity Commission ("EEOC"). Gurule failed to name North Central as a respondent in his administrative complaint. The EEOC dismissed Gurule's charges and, thereafter, Gurule filed his lawsuit.

On April 9, 2003, the Court issued a Memorandum Opinion and Order Granting Summary Judgment in favor of Valencia County, Belen Senior Citizens Center and Mary Ann Gonzales. North Central now seeks dismissal of the remaining claims against it.

## Undisputed Facts

On January 27, 2003, various requests for admission were mailed to Gurule. He failed to respond and pursuant to Fed. R. Civ. P. 36, the requests are deemed admitted. Based on his failure to respond, Gurule admits:

> 1. Plaintiff Sosteno Gurule is not a qualified individual with a disability. "Qualified individual with a disability" is someone who can perform essential functions of a job with or without reasonable accommodation.
>
> 2. Plaintiff Sosteno Gurule could not perform the essential functions of the jobs available at Belen Senior Citizen Center with or without reasonable accommodation.
>
> 3. Defendant Valencia County, Belen Senior Citizen Center and Mary Ann Gonzales had legitimate business reasons for any action taken regarding any employment application of Plaintiff Sosteno Gurule.
>
> 4. The training position sought by Plaintiff Sosteno Gurule was funded by the National Indian Counsel of Aging (NICA).

>   5. At the time Plaintiff Sosteno Gurule sought a training position with Defendants Valencia County, Belen Senior Citizen Center and Mary Ann Gonzales, there was no funding available for the training position from NICA.
>
>   6. Placing the Plaintiff Sosteno Gurule in a training position would have caused undue financial burdens for Defendants Valencia County, Belen Senior Citizen Center and Mary Ann Gonzales.

### **Analysis**

Gurule did not respond in opposition to the motion for summary judgment nor did he submit any evidence by way of answer to interrogatory, deposition testimony, document or admission demonstrating the existence of a triable issue. Thus, the only facts before the Court are those which appear as undisputed facts.

In sum, those facts demonstrate (1) North Central is not Gurule's employer; (2) Gurule is not a qualified individual with a disability; (3) Gurule cannot perform the essential functions of the position; (4) Gurule was not hired due to legitimate, non-discriminatory business reasons; (5) there was no funding available for the position which he sought, and if there had been funding, the funding would have come from the NICA, not North Central; (6) the decision not to hire Gurule was made by NICA and not by North Central; and (7) Gurule failed to name North Central as a respondent in his discrimination charges filed with EEOC and therefore failed to exhaust his administrative remedies as to this Defendant.

Gurule failed to make any showing, much less a *prima facie* showing demonstrating that he is a disabled person within the meaning of ADA, that he is able to perform the essential functions of the job with or without a reasonable accommodation, and that the failure to hire him was due to a disability. Notwithstanding Gurule's failure to make a *prima facie* showing, North Central made a

meritorious showing of its entitlement to judgment as a matter of law. With this showing, it was incumbent on Gurule to demonstrate the existence of a triable issue. Gurule failed to submit any evidence demonstrating a material issue in dispute. Thus, the Court necessarily concludes that North Central is entitled to judgment as a matter of law. Accordingly, for the reasons stated,

   IT IS ORDERED that North Central is granted summary judgment on all the claims brought against it by Gurule. Judgment will be entered in their favor and as against Gurule, with the result that Gurule's complaint is dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge